UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD L. DAVIS, | ) |
| | ) |
| Plaintiff, | )  No. 3:11-cv-00959 |
| | )  Judge Sharp |
| v. | ) |
| | ) |
| TENNESSEE BOARD OF PAROLES, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

The plaintiff, an inmate at the SPR-Morgan County Correctional Complex in Wartburg, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

The Prison Litigation Reform Act (PLRA) provides the following under § 1915(g) with respect to prisoner-plaintiffs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In other words, a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

Plaintiff Ronald L. Davis is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The plaintiff has, on at least eight (8) prior occasions, filed a civil action or an appeal that

has been dismissed as frivolous.[1]

To fall within the statutory exception to the "three-strikes" rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008)(citation omitted). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.* Therefore, pursuant to § 1915(g) of the PLRA, plaintiff Davis may pursue the instant action as a pauper **only** if he is under imminent danger of serious physical injury.

The plaintiff contends that the defendants have failed to provide adequate medical care for him which is putting the plaintiff at a "high risk for 'imminent danger.'" (Docket No. 1 at p. 8). More specifically, the plaintiff alleges that the defendants are aware of the plaintiff's diabetes "and other serious diseases" and the "long-term complications" related thereto but the defendants are "deliberately indifferent" to accommodating the plaintiff's needs. (*Id.* at p. 9). The plaintiff also alleges that he has suffered from a mental health illness for the past four decades and continues to be affected by this illness, but the defendants have consistently refused to provide the plaintiff with mental health treatment. (*Id.* at p. 14).

The court has carefully reviewed the allegations made by the plaintiff and the many exhibits attached to the plaintiff's complaint. While the plaintiff alleges that his physical and mental health are suffering as a result of the defendants' conduct, the plaintiff has not explained in what way his

---

[1] The eight cases include:
*Davis v. Bradley*, No. 3:95-0448 (M.D. Tenn. May 2, 1995)(dismissed as frivolous);
*Davis v. Bradley*, No. 3:94-0418 (M.D. Tenn. May 18, 1994)(dismissed as frivolous);
*Davis v. Morris*, No. 1:93-0120 (M.D. Tenn. July 22, 1993)(dismissed as frivolous);
*Davis v. Patterson*, No. 1:93-0044 (M.D. Tenn. Aug. 17, 1993)(dismissed as frivolous);
*Davis v. Bell*, No. 1:93-0008 (M.D. Tenn. Aug. 18, 1993)(dismissed as frivolous);
*Davis v. Harris*, No. 1:92-0083 (M.D. Tenn. July 28, 1992)(dismissed as frivolous);
*Davis v. Crossnos*, No. 1:92-0079 (M.D. Tenn. July 17, 1992)(dismissed as frivolous); and
*Davis v. Roberts*, No. 1:92-0018 (M.D. Tenn. March 30, 1992)(dismissed as frivolous).

physical and mental health have suffered and are suffering, nor has the plaintiff explained how the defendants' conduct is responsible for the alleged deterioration of the plaintiff's physical and mental health. Nearly all of the medical records provided by the plaintiff are greater than five (5) years old. There is no evidence of "imminent" serious physical harm to the plaintiff. *See Rittner*, 290 Fed. App'x at 797-98 (imminent danger exception not available where threatened harm "described with insufficient facts and detail"). In conclusion, the plaintiff here has failed to show that he falls within the exception to the PLRA's "three-strikes" rule.[2] *See Davis v. Cook,* 4 Fed. Appx. 261, 261 (6th Cir. 2001)(affirming district court's application of PLRA's "three-strikes" rule where plaintiff had not alleged facts which showed that he was under immediate or specific danger of future serious physical injury).

In *In re Alea*, 286 F.3d 378 (6th Cir. 2002), the Sixth Circuit stated the following with respect to inmates such as the plaintiff with three strikes under § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions – whatever their merit or disposition – will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to

---

[2]The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

3

> file frivolous civil complaints – thus taking much valuable time away from other non-frivolous litigation – without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of
> that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*Id*. at p. 382. With respect to the foregoing, the Sixth Circuit stated that, "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." *Id*.

Accordingly, as a "three-striker" under the PLRA, the plaintiff's application to proceed in forma pauperis (Docket No. 7) is **DENIED**. Plaintiff Davis has thirty (30) days from the date of entry of this order to remit the full three hundred fifty dollar ($350.00) filing fee. The plaintiff is forewarned that, failure to remit the full $350.00 filing fee will result in this action being dismissed, and the full amount of the filing fee being assessed against him. *Id*. An extension of time to pay the filing fee may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this Order. *Floyd*, 105 F.3d at 279.

It is so **ORDERED.**

Kevin H. Sharp
United States District Judge